**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Krista Ann Arnaudo,<br><br>Plaintiff,<br><br>v.<br><br>County of Yavapai, et al.,<br><br>Defendants. | No. CV-16-08164-PCT-DJH<br><br>**ORDER** |

Before this Court are Defendants' Motion for Bill of Costs (Doc. 47) and Motion for Attorneys' Fees (Doc. 48). Plaintiff filed Responses to both Motions (Docs. 50, 51), to which Defendants filed Replies (Docs. 53, 54).

**I.  BACKGROUND**

This case stems from an August 18, 2015, incident where Plaintiff was arrested for aggravated assault on a police officer, resisting arrest, failure to comply with a lawful order, and disorderly conduct. (Doc. 45 at 7).[1] Prior to filing her Complaint, Plaintiff notified Yavapai County of her intention to file suit regarding her August 18, 2015 arrest. Arizona County Insurance Pool ("ACIP") warned Plaintiff's counsel several times that because Plaintiff plead guilty to the August 18, 2015 resisting arrest charge, her claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005). (Docs. 48-1, 48-2). Plaintiff ignored these warnings and on July 6, 2016, Plaintiff filed this action in Yavapai County Superior Court naming Yavapai County and

---
[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

Yavapai County Sheriff's Deputies Jeff Long and M. Barton. Plaintiff's Complaint contained two counts: Count I included 42 U.S.C. § 1983 ("Section 1983") claims for violations of her Fourth and Fourteenth Amendment rights to be free from unlawful arrest, wrongful incarceration, unlawful use of force, and malicious prosecution; Count II included Arizona state tort law claims for assault, battery, false arrest, wrongful incarceration, and malicious prosecution. (Doc. 1-1). Defendants subsequently removed the action to this Court. (*Id.*)

Defendants then promptly moved to dismiss Plaintiff's Complaint on all counts. (Doc. 4). As Defendants warned, the Court granted Defendants' Motion to Dismiss on Section 1983 claims against Defendants Long and Barton for wrongful arrest, wrongful incarceration, and malicious prosecution based on *Heck*. (Doc. 7 at 6). The Court further dismissed all Section 1983 claims against Yavapai County on the basis that Plaintiff did not allege any conduct by Yavapai County to render it liable. (*Id.* at 5-6). Additionally, the Court dismissed all state law claims, Count II, because Plaintiff failed to comply with the notice of claim statute. (Doc. 7 at 5-8). The only claims that survived Defendants' Motion to Dismiss were Plaintiff's Section 1983 excessive use of force claims against Defendants Barton and Long. (Doc. 7 at 8).

On May 3, 2017, Defendants again explained to Plaintiff that surviving claim of excessive use of force claim against Defendants Barton and Long was barred by *Heck* and *Smith*. (Doc. 48-5 at 2-4). On June 16, 2017, Defendants made an offer of judgment, which Plaintiff did not accept. (Doc. 23). Prior to filing their Motion for Summary Judgment on Plaintiff's only surviving claim of excessive force against Defendants Barton and Long, Defendants again sent Plaintiff a letter explaining why her claims were barred by *Heck*. (Doc. 48-3 at 2-4). Plaintiff again ignored Defendants' warnings and on October 30, 2017, Defendants filed a Motion for Summary Judgment. (Doc. 34). On May 18, 2018, the Court granted summary judgment in favor of Defendant Barton finding that his actions were objectively reasonable and thus he is entitled to qualified immunity and granted summary judgment in favor of Defendant Long because "Plaintiff's excessive

force claim against Defendant Long [was] barred by *Heck*." (Doc. 45).

## II. DISCUSSION

Defendants move this Court for an award of attorneys' fees and costs pursuant to Rule 54(d) and Local Rule 54.2. Specifically, Plaintiff seeks to recover $68,932.00 in attorneys' fees, $3,200.00 in expert witness costs, and $1,527.94 in costs. (Docs. 47, 48, 48-7, 48-8 at 3, 48-9 at 1). Defendants seek such recovery against Plaintiff pursuant to Rule 11 sanctions or, in the alternative, pursuant to Section 1993 prevailing party status. (Doc. 48).

### A. Rule 11 Sanctions[2]

Rule 11(c)(1)(A) provides that "sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b)." This rule also provides a mandatory 21-day safe harbor provision, during which the movant must serve its Rule 11 motion on the opposing party and allow the opposing party 21 days to retract the offending paper, claim, defense, contention, allegation, or denial before filing a motion for sanctions with the Court. *Id; see also Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010). Here, Defendants failed to comply with the 21-day safe harbor provision and their request for sanctions was not "made separately from other motions or requests" because Defendants' Motion also included a request for fees pursuant to Section 1983.

Where a party fails to serve the opposing party with the sanctions motion 21 days before filing the motion in court, the court should not award a Rule 11 sanction. *See Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003) (reversing award of Rule 11 sanction where moving party "failed to comply with Rule 11's 'safe harbor' provision" by serving the motion after the complaint was dismissed);

---

[2] In their Reply in Support of their Motion for Attorneys' Fees, Defendants for the first time ask that the Court *sua sponte* impose sanctions. (Doc. 53 at 6). However, new issues cannot be raised on Reply. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) ("[I]ssues cannot be raised for the first time in a reply brief."). Moreover, as discussed *infra*, the *sua sponte* award of Rule 11 sanctions is not appropriate. *See Silaev v. Swiss-Am. Trading Corp.*, 2017 WL 394342, at *2 (D. Ariz. Jan. 30, 2017), *appeal dismissed*, 17-15371, 2017 WL 3911799 (9th Cir. Aug. 25, 2017), *and aff'd*, 732 Fed. Appx. 574 (9th Cir. 2018). Thus, the Court will not consider this request.

*Huminski v. Heretia*, 2011 WL 2910536, at *3 (D. Ariz. 2011) (denying a motion for Rule 11 sanctions because it was not served on the opposing party 21 days before it was filed with the Court and thus denied the opposing party an opportunity to correct the issue). Alerting the opposing party to a deficiency that needs correcting in an informal manner is not sufficient; the moving party must "follow the procedure required by Rule 11" by serving the opposing party with an actual motion. *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("It would . . . wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion.").

As Plaintiff points out, and Defendants concede, Defendants have failed to comply with Rule 11's 21–day safe harbor provision. (Docs. 50, 53). Defendants argue that although they did not strictly comply with the 21–day safe harbor provision, they notified Plaintiff on several occasions that they intended to seek attorneys' fees. (Doc. 53 at 4-6). However, Defendants' informal notices do not satisfy Rule 11's strict requirement that a motion be served on the opposing party. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (holding that "although a defendant had given informal warnings to the plaintiffs threatening to seek Rule 11 sanctions, these warnings did not satisfy the strict requirement that a motion be served on the opposing party twenty-one days prior to filing"); *Barber*, 146 F.3d at 710 (denying motion for sanctions because, despite multiple warnings as to deficiency of plaintiff's claim, Rule 11 requires prior service of the motion on plaintiff); *Matsumaru v. Sato*, 521 F. Supp. 2d 1013, 1015 (D. Ariz. 2007) (holding informal notice of intent to seek Rule 11 sanctions does not satisfy Rule 11's strict requirement that a motion be served on the opposing party). Defendants failed to comply with Rule 11's 21–day safe harbor provision; therefore, the Court will deny Defendants' Motion for Sanctions.

### B. Section 1983 Fees

In lieu of awarding fees pursuant to Rule 11, Defendants assert that they are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 ("Section 1988"), which provides that in an action to enforce Section 1983, "the court, in its discretion, may allow the prevailing

party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).[3] Under Section 1988 jurisprudence, a prevailing defendant is treated differently than a prevailing plaintiff in that fees are not awarded simply because the defendant succeeds. *See Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988). The Ninth Circuit has repeatedly recognized that attorneys' fees in civil rights cases "should only be awarded to a defendant in exceptional cases." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *see also Herb Hallman Chevrolet, Inc. v. Nash–Holmes*, 169 F.3d 636, 646 (9th Cir. 1999) (recognizing "the well-established rule that a [prevailing] defendant should only receive an award of attorneys' fees in extreme cases").

### i. Frivolousness of the Claims

In determining whether to award attorneys' fees to a prevailing defendant of a Section 1983 claim, a court must evaluate whether the action was "frivolous, unreasonable or without foundation" at the time the complaint was filed. *Tutor–Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006). An action is frivolous "when the result appears obvious or the arguments are wholly without merit." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007). In determining an action's frivolity, a court should neither rely on hindsight logic nor focus on whether the claim was or was not ultimately successful. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978). Even if "evidence to support a [somewhat tenuous] theory failed to materialize, and summary judgment was properly granted in favor of the defendants," a court may deny attorneys' fees where originating circumstances furnish some basis for the claim. *Karam v. City of*

---

[3] Defendants also aver that they are entitled to "costs associated with having to retrain an expert witness in this case" pursuant to Section 1988(c). (Doc. 48 at 11). Defendants claim that Section "1988(c) permits the Court, in its discretion, to include an award of expert fees as a part of the attorneys' fee award." (*Id.*) Defendants are incorrect. "In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a, the court, in its discretion, may include expert fees as part of the attorney's fee." 42 U.S.C. § 1988(c); *see also Frevach Land Co. v. Multnomah County, Dept. of Envtl. Services, Land Use Planning Div.*, 2001 WL 34039133, at *35 (D. Or. Dec. 18, 2001) ("Although section 1988(b) allows for fee awards in many types of cases, including those brought under section 1983, section 1988(c), by its terms, allows expert fees for prevailing parties in section 1981 or 1981a cases only. It does not specify recovery of expert fees in Section 1983 cases."). Here, Plaintiff's claims were pursuant to Section 1983, not Sections 1981 or 1981a; therefore, Defendants' expert witness costs are not recoverable.

*Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003). "Under this standard, an unsuccessful plaintiff who acted in good faith is generally not at risk of having to pay the other side's attorney's fees." *Akiak Native Cmty. v. U.S. EPA*, 625 F.3d 1162, 1166 (9th Cir. 2010).

The Ninth Circuit recognizes that a district court has significant discretion in awarding attorneys' fees to a prevailing defendant. *See Thomas v. City of Tacoma*, 410 F.3d 644, 651 (9th Cir. 2005). "[A]lthough a finding of frivolity [is] a prerequisite to an award of attorney's fees, 'notwithstanding such a finding, the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case.'" *Id.* (quoting *Tang v. R.I., Dep't of Elderly Affairs*, 163 F.3d 7, 15 (1st Cir. 1998)). A court must exercise such discretion "expressly in order to avoid discouraging civil rights plaintiffs from bringing suits, and thus 'undercut [ting] the efforts of Congress to promote the vigorous enforcement of' the civil rights laws." *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011) (quoting *Christiansburg*, 434 U.S. at 422) (alteration in original).

Defendants aver that Plaintiff proceeded with this litigation despite Defendants repeated warnings that Plaintiff's claims were barred by the holdings in *Smith* and *Heck*. (Doc. 48 at 10-11). Plaintiff, on the other hand, argues that "it is inappropriate and, perhaps, an abuse of discretion" to award attorneys' fees because in the Court's Order granting Summary Judgment in favor of Defendants, the Court performed an in-depth analysis of the facts, which suggested that "reasonable minds could have reached a different conclusion." (Doc. 50 at 6-7).

Here, the Court did not address the merits of Plaintiff's claims against Defendant Yavapai County or the state law claims against all Defendants contained in Count II of the Complaint; thus, the Court will not impose a fee award for those claims. (Doc. 7); *see Hogan v. Robinson*, 2007 WL 3239267, at *3 (E.D. Cal. Nov. 1, 2007) (holding that "[u]ltimately, the standard for awarding a prevailing defendant attorneys' fees pursuant to 42 U.S.C. § 1988 is high" and because the court did not address the merits of the claims, the court would not impose an award of fees defendant). Additionally, as the Court

determined that Plaintiff's excessive use of force claim against Defendant Barton was barred by qualified immunity, not by the holdings in *Smith* and *Heck*, the Defendant has not proven that Plaintiff's excessive use of force claim was frivolous. *See Peck v. Hinchey*, 2014 WL 3721195, at *4 (D. Ariz. July 28, 2014) (holding "even after a court adjudicates summary judgment in favor of the defendant, the defendant still carries the burden of establishing that the action was frivolous.").

The Court, however, finds that Plaintiff's continued litigation of its Section 1983 claims against Defendants Long and Barton, which were barred by the holding in *Smith* and *Heck*, was frivolous. Plaintiff's claims barred by *Smith* and *Heck* are: (1) all of Plaintiff's claims against Defendant Long in Count I of the Complaint and (2) Plaintiff's claims for wrongful arrest, wrongful incarceration, and malicious prosecution against Defendant Barton contained in Count I of the Complaint. Plaintiff knew from the onset of that this litigation that her Section 1983 claims were barred by the holding in *Smith* and *Heck*, and she was reminded of this throughout the litigation, yet she chose to continue without offering any evidence as to why her claims had merit and were distinguishable from *Smith* and *Heck*. *See Tutor-Saliba Corp.*, 452 F.3d at 1061.

As Defendants are only entitled to an award of fees for Plaintiff's frivolous claims, the Court must determine which fees Defendants incurred in connection with the claims barred by *Smith* and *Heck*. *See Harris v. Maricopa County Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011) (finding a "*defendant is entitled only to 'the amount of attorneys fees attributable exclusively to' a plaintiff's frivolous claims*.") (alteration in original); *Galen v. County of Los Angeles*, 477 F.3d 652, 668 (9th Cir. 2007) (holding that defendant is only entitled to fees for the claims the court found were frivolous); *Tutor-Saliba Corp.*, 452 F.3d at 1064 (holding "the district court was in a position properly to weigh and assess the amount of fees attributable to [plaintiff's] frivolous claims[;]" thus, the district court did not err in only "awarding defendants fees for defending against [plaintiff's] frivolous constitutional claims.").

Here, Defendants' counsel submitted detailed billing records, an affidavit setting

forth their experience and background, and their billing rates and practices. (Docs. 48-8, 48-9, 48-10, 48-11, 48-12, 48-13). The affidavit, however, fails to adequately separate out what percentage of fees were incurred on each claim. *See Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 968 (9th Cir. 2011) (finding defendants had not met their burden of showing that "only fees attributable exclusively to plaintiff's frivolous claims" are being sought) (internal quotations omitted); *Tutor-Saliba Corp.*, 452 F.3d at 1065; *Downs*, 2011 WL 6148622, at *2 (finding "the defendant has not carried its burden of establishing that its attorneys would not have performed the work involved but for the need to defend against the frivolous claims."). The *Harris* Court aptly noted the difficulties this Court faces:

> A civil rights case such as the instant one that contains both non-frivolous and frivolous claims presents the problem of allocating fees, [*sic*] among those claims. The proper allocation of attorneys [*sic*] fees among such claims, when a defendant seeks to recover fees, is both simple and obvious, at least in theory. Fees may be awarded only for frivolous claims, and a defendant bears the burden of establishing that the fees for which it is asking are in fact incurred solely by virtue of the need to defend against those frivolous claims. . . . Accordingly, a defendant must demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint. To do otherwise—as when a court simply divides a defendant's total attorneys [*sic*] fees equally across plaintiff's frivolous and nonfrivolous claims and attributes to the frivolous civil rights claims a pro-rata share of those total fees (with no demonstration that such fees were in fact incurred solely in order to defend against the frivolous claims)—would be to risk requiring a plaintiff to pay defendants' attorneys [*sic*] fees incurred in defeating his nonfrivolous civil rights claims, an outcome barred by our precedent and that of the Supreme Court. Unless a prevailing defendant can establish that its attorneys would not have performed the work involved except for the need to defend against the frivolous claims (and thus would not have done the work in whole or in part in order to defend against the nonfrivolous claims), it is not entitled to the fees in question. Where, as here, the plaintiff seeks relief for violation of his civil rights under various legal theories based on essentially the same acts, and a number of his claims are not frivolous, the burden on the defendant to establish that fees are attributable solely to the frivolous claims is from a practical standpoint extremely difficult to carry.

*Harris*, 631 F.3d at 971-72.

Defendants failed to adequately separate out what percentage of fees were incurred defending against each claim for each Defendant; therefore, the Court had to review Defendants' forty-six pages of billing records to identify the billing entries that were attributable exclusively to Plaintiff's frivolous claims. *See Harris*, 631 F.3d at 971 ("[P]ro-rata allocation of general fees between claims for which a fee award is appropriate and claims for which such an award is not appropriate, based solely on the number of claims, is impermissible . . ."); *Ooley v. Citrus Heights Police Dept.*, 2012 WL 3993756, at *4 (E.D. Cal. Sept. 11, 2012), *aff'd*, 603 Fed. Appx. 628 (9th Cir. 2015) (reviewing defendant's billing records to determine what time was expended exclusively in connection with Plaintiff's frivolous civil rights claim). The Court identified[4] the following thirty-seven billing entries, which total $5,755.00 in attorneys' fees, that were attributable exclusively to Plaintiff's frivolous claims against Defendants Long and Barton:

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/18/2016 | MM | Begin drafting Motion to Dismiss Heck v. Humprey's arguments for Motion to Dismiss | 1.00 | $200.00 | $200.00 |
| 7/19/2016 | MM | Begin drafting false arrest arguments for the Motion to Dismiss | 1.60 | $200.00 | $320.00 |
| 7/19/2016 | MM | Research whether Heck doctrine also bars the excessive force and malicious prosecution claims | 1.00 | $200.00 | $200.00 |
| 7/19/2016 | MM | Finish drafting Heck arguments in Motion to Dismiss | 0.30 | $200.00 | $60.00 |
| 8/5/2016 | MM | Begin drafting Heck v. Humphrey argument for Reply to Motion to Dismiss | 1.50 | $200.00 | $300.00 |
| 1/31/2017 | MM | Begin researching cases regarding when the chain of custody for the arrest process ceases for purposes of Heck v. Humphrey's | 0.80 | $200.00 | $160.00 |

---

[4] The Court notes that there were a number of billing entries that were redacted, which prevented the Court from being able to attribute the entry exclusively to Plaintiff's frivolous claims. Additionally, as the excessive use of force claim against Defendant Barton was barred by qualified immunity, not *Heck* and *Smith*, the Court did not award fees for billing entries referencing the *Heck* holding in conjunction with the Motion for Summary Judgement arguments pertaining to Defendant Barton.

- 9 -

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 2/1/2017 | MM | Continue to analyze research for dispositive motion concerning Deputy Long's multiple Taser applications | 1.9 | $200.00 | $380.00 |
| 2/2/2017 | MM | Review transcript of sentencing hearing after analyzing all case law to determine if any favorable language for Heck v. Humphrey's argument. | 0.3 | $200.00 | $60.00 |
| 5/1/2017 | DJE | Analyze police report and supplements from May 2015 incident with Plaintiff and Deputy Long in order to evaluate witness support for charge against Plaintiff as it relates to malicious prosecution claim | 0.6 | $160.00 | $96.00 |
| 7/24/2017 | MM | Finalize letter to counsel regarding Heck and request for dismissal | 0.1 | $200.00 | $20.00 |
| 7/24/2017 | JMA | Review and analysis of Plaintiff's rough deposition testimony for Heck v. Humphrey arguments | 0.4 | $160.00 | $64.00 |
| 7/25/2017 | JMA | Further review and analysis of Plaintiff's testimony to determine validity of Heck argument for Motion for Summary Judgment | 0.6 | $160.00 | $96.00 |
| 9/5/2017 | JMA | Research and analysis regarding Heck/Smith arguments | 0.7 | $160.00 | $112.00 |
| 9/13/2017 | JMA | Began drafting Heck Motion for Summary Judgment argument regarding Officer Long | 2.1 | $160.00 | $336.00 |
| 9/27/2017 | MM | Initial review of Deputy Long's Affidavit | 0.3 | $200.00 | $60.00 |
| 9/27/2017 | JMA | Began drafting Deputy Long's declaration in support of Motion for Summary Judgment arguments | 2.3 | $160.00 | $368.00 |
| 9/29/2017 | MM | Review and analyze new district court case issued today regarding Heck and the analysis of the time line regarding what constitutes an arrest | 0.2 | $200.00 | $40.00 |

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/29/2017 | MM | Continue to assist with Motion for Summary Judgment legal analysis on Heck doctrine (No Charge) | 0.2 | $0.00 | $0.00 |
| 9/29/2017 | JMA | Review and analysis of Wilson v. Chandroo, 2017 WL 4286973, for Motion for Summary Judgment Heck arguments | 0.3 | $160.00 | $48.00 |
| 9/29/2017 | JMA | Further research and analysis regarding temporal requirement under Heck for Motion for Summary Judgment arguments | 1.7 | $160.00 | $272.00 |
| 10/2/2017 | MM | Continue editing and analyzing Heck argument regarding Deputy Long in Motion for Summary Judgment | 0.8 | $200.00 | $160.00 |
| 10/5/2017 | JMA | Review and analysis of Plaintiff's arrest record for Motion for Summary Judgment arguments regarding Heck | 0.3 | $160.00 | $48.00 |
| 10/6/2017 | MM | Begin analysis and editing of revised draft of Deputy Long's affidavit | 0.4 | $200.00 | $80.00 |
| 10/10/2017 | MM | Finish reviewing Use of Force Report and police report by Deputy Long and edit Deputy Long's Declaration in support of Motion for Summary Judgment | 1.2 | $200.00 | $240.00 |
| 10/13/2017 | MM | Analyze and anticipate counter-arguments to Heck, review caselaw and begin editing Heck arguments to strengthen defense in Motion for Summary Judgment and prepare for Reply | 0.8 | $200.00 | $160.00 |
| 10/13/2017 | JMA | Review and analysis of recent case law regarding Heck v. Humphrey for Motion for Summary Judgment argument regarding same | 0.6 | $160.00 | $96.00 |
| 10/16/2017 | MM | Begin final analysis and edits to 12 page declaration of Deputy Long for Motion for Summary Judgment | 1.2 | $200.00 | $240.00 |

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/16/2017 | JMA | Review of Long video for shots from exhibit in support of Long affidavit/Motion for Summary Judgment arguments | 0.2 | $160.00 | $32.00 |
| 10/17/2017 | MM | (No Charge) Assist Justin Ackerman revise Long's declaration to include still-frame pictures of the initial grab | 0.5 | $0.00 | $0.00 |
| 10/17/2017 | MM | Final analysis and edits to Deputy Long's declaration regarding the (REDACTED) | 0.5 | $200.00 | $100.00 |
| 10/17/2017 | HAM | Detailed review of body cam video "15-031909-1 Long" to capture still frames of Plaintiff reaching out toward Officer Long for use in preparing affidavit to support Motion for Summary Judgment | 0.3 | $90.00 | $27.00 |
| 10/18/2017 | MM | Review police report from Deputy Long of May arrest and anticipate "vendetta" argument by Plaintiff and develop strategy for (REDACTED) | 0.7 | $200.00 | $140.00 |
| 11/28/2017 | MM | Begin researching cases in rebuttal to Plaintiff's Heck arguments that factual basis to guilty plea did not negate Heck | 1.4 | $200.00 | $280.00 |
| 11/28/2017 | MM | Continue to review and analyze all district court and Arizona cases regarding resisting arrest pleas and factual bases, as well as the resisting arrest statute to apply Smith and Heck arguments | 0.8 | $200.00 | $160.00 |
| 11/29/2017 | MM | Continue drafting Reply to Motion for Summary Judgment re: legal argument for Heck doctrine as applied to Deputies Long | 2.2 | $200.00 | $440.00 |
| 12/1/2017 | MM | Edit and analyze Heck analysis in Reply to Motion for Summary Judgment | 0.8 | $200.00 | $160.00 |
| 12/5/2017 | MM | Finish researching and analyzing impact of Plaintiff's self-defense claim on Heck arguments | 1.0 | $200.00 | $200.00 |

(Docs. 48-8, 48-9, 48-10, 48-11, 48-12, 48-13). The Court—which was forced to review Defendants' billing records because Defendants failed to show that the fees sought were <u>only</u> traceable to the defense of the legally frivolous claims—finds that Defendants are entitled to an award of attorneys' fees in the amount of $5,755.00 for defending against Plaintiff's frivolous claims.

        **ii.**        **Reasonableness of Hourly Rate and Number of Hours Expended**

Now that the Court has determined which attorneys' fees are recoverable, the Court must determine whether the hourly rate and number of hours billed was reasonable. *See Wilson v. Yavapai County Sheriff's Office*, 2012 WL 3108843, at *4 (D. Ariz. July 31, 2012) ("Accordingly, the Court finds that Defendants are entitled to their attorneys' fees in defending Plaintiff's frivolous claims in this case and must now determine whether or not the claimed fees are reasonable."). The Court finds, and Plaintiff does not dispute, that Defendants' hourly billing rate was reasonable, and the number of hours expended that were attributable to Plaintiff's frivolous claims were appropriate and reasonable based upon the nature of the matter. *See Wilson*, 2012 WL 3108843, at *4. Therefore, the Court will award Defendants' $5,755.00 in attorneys' fees, which are attributable exclusively to Plaintiff's frivolous claims against Defendants Long and Barton.

**C.**    **Costs**

While attorneys' fees should rarely be awarded to a prevailing defendant in a civil rights case, "there is a strong presumption in favor of awarding costs to the prevailing party." *Miles v. State of Cal.*, 320 F.3d 986, 988 (9th Cir. 2003). Thus, the Court must specify the reasons for denying costs. *Id*. The Ninth Circuit has laid out several factors to consider in deciding whether to deny costs to a prevailing party: "the losing party's limited financial resources, misconduct on the part of the prevailing party, . . . the importance and complexity of the issues, the merit of the plaintiff's case, even if the plaintiff loses, and the chilling effect on future civil rights litigants of imposing high costs." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

Here, Defendants are requesting an award of taxable costs in the amount of

$1,527.94[5] pursuant to Rule 54(d)(1), which creates a presumption of awarding costs to prevailing parties. (Doc. 54 at 2). Plaintiff argues that the Court should deny Defendants' request for an award of costs because Plaintiff has limited financial resources. (Doc. 51 at 2-4). Defendants argue that Plaintiff has not overcome the presumption of awarding costs to the prevailing party because she has failed to submit any financial information or exhibits that support her claim that she is indigent. (Doc. 54 at 1-2). The Court agrees. *See Miles*, 320 F.3d at 989 (holding the district court "did not abuse its discretion in concluding that [plaintiff] did not present evidence sufficient to overcome the presumption that costs should be granted to the prevailing party."). Moreover, even if Plaintiff had presented financial evidence, the Court finds that because the requested award is relatively small, "[t]his case simply does not present 'the rare occasion where severe injustice will result from an award of costs.'" *Bancroft v. Minnesota Life Ins. Co.*, 2018 WL 5325659, at *4 (W.D. Wash. Oct. 26, 2018) (quoting *Save Our Valley*, 335 F.3d at 945). Thus, Defendants are awarded $1,527.94 in costs pursuant to Rule 54(d)(1).[6]

**IT IS ORDERED** Defendants' Bill of Costs (Doc. 47) is **GRANTED in part** and **DENIED in part**: Defendants are hereby awarded costs in the amount of $1,527.94;

**IT IS FURTHER ORDERED** Defendants' Motion for Attorneys' Fees (Doc. 48) **is GRANTED in part** and **DENIED in part** as follows: Defendants are hereby awarded attorneys' fees in the amount of $5,755.00; and

**IT IS FINALLY ORDERED** the Clerk of Court shall enter judgment accordingly.

Dated this 14th day of February, 2019.

Honorable Diane J. Humetewa
United States District Judge

---

[5] Defendants also initially requested non-taxable costs pursuant to Rule 68, but have withdrawn that request and the Court will not address it. (Doc. 54).

[6] The Court need not analyze what costs were associated with Plaintiff's frivolous claims because the Court is awarding costs to Defendants as the prevailing party pursuant to Rule 54(d)(1), not Section 1983.